**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NICKOLA PIRINSKI, | : |
| Plaintiff, | : Civil Action No. 04-1991(WHW) |
| v. | : |
| IRVINGTON NEW JERSEY POST OFFICE, ET AL., | : **OPINION** |
| Defendants. | : May 10, 2006 |

**SUSAN D. WIGENTON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is a Motion to Dismiss the Amended Complaint (the "Motion") filed by Defendants United States Postal Service ("Postal Service") and Joseph Demianczyk ("Demianczyk").[1] Plaintiff Nickola Pirinski ("Plaintiff") has submitted written opposition to the Motion.

Plaintiff erroneously states that he is entitled to oral argument on the Motion. The Motion is decided without oral argument and upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78.

I. Facts

The following facts are uncontested and obtained from the Amended Complaint unless otherwise noted.

---

[1] Plaintiff Nickola Pirinski named Irvington, New Jersey Post Office and Joe Demianczyi, Manager, Customer Services, as Defendants in the Amended Complaint. The Court will refer to these Defendants using their proper names.

Plaintiff is representing himself in this matter. In August 2003, Plaintiff traveled to Petrich, Bulgaria to visit family and could not refill diabetes and cholesterol medicine prior to his departure. As such, on September 2, 2003, Plaintiff's daughter, Rebecah Pirinski ("Ms. Pirinski"), mailed a package of medicine to Plaintiff in Petrich using the Express Mail Service offered at the Irvington Post Office. Plaintiff has submitted no documentation that demonstrates which type of mail service Ms. Pirinski used to mail the package. The teller told Ms. Pirinski that the package should arrive in Petrich in 2-3 days. The package was insured for $200.00.

On September 9, 2003, Plaintiff had not yet received the package. Thus, Ms. Pirinski contacted the Irvington Post Office to inquire about its status. The "operator" told her that it would take up to 16 days for an investigation to be done by the Bulgarian postal officials.

Meanwhile, Plaintiff's medicine supply was low so he saw a doctor and purchased medicine in Bulgaria. Plaintiff paid $200.00 for the doctor visit and medication. Plaintiff suffered from side effects from the medication he received in Bulgaria.

In late September, the Bulgarian postal officials told Plaintiff that the package of medicine was in Sofia, Bulgaria. The Bulgarian postal officials refused to deliver the package to Petrich. Consequently, Plaintiff's brother and niece traveled 3

hours by train to Sofia to retrieve the package. Plaintiff paid $50.00 for their travel and $50.00 to the Bulgarian post office for the package.

Plaintiff is suing Defendants for $110,000.00 (i.e. $55,000.00 for suffering and $55,000.00 in punitive damages). Plaintiff claims that as a result of the Postal Service's deceitfulness and dishonesty, he wasted a lot of money to retrieve the package of medicine mailed to him in Bulgaria.

In particular, Plaintiff claims that the Postal Service should know how Bulgaria's post office handles its mail and should have informed his daughter, "of any circumstances that might arise (for example telling [his] daughter that the package would go to the Sofia post office and not to the address on the receipt)." Amended Complaint p. 2.

Plaintiff has named Demianczyk, Manager, Customer Services, as a Defendant. By way of an uncontested declaration, Demianczyk explained that he had no involvement in the alleged mailing of plaintiff's package and during the relevant period, he did not work at the Irvington Post Office. Declaration of Joseph Demianczyk.

II. Discussion

The parties have voluntarily consented to adjudication of their case by this Court pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

3

A.  <u>Standard of Review</u>

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." <u>Fed. R. Civ. P.</u> 12(h)(3). A defendant may move for dismissal of the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Unlike a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), in a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Mortensen v. First Federal Savings and Loan Association</u>, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(1) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." <u>Id</u>. Moreover, the plaintiff must prove that subject matter jurisdiction exists throughout the litigation. <u>Id</u>.

A claim is dismissed under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). In other words, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

4

which would entitle him to relief." <u>Fernandes v. United States of America</u>, 1997 U.S. Dist. LEXIS 1372, *3-*4 (D.N.J. 1997) (quoting <u>Walker v. City of New York</u>, 974 F.2d 293, 301 (2d Cir. 1992), <u>cert. denied</u>, 507 U.S. 961 (1993)). The court is not to consider anything other than "the alleged facts apparent on the face of the challenged claim" to determine whether plaintiff has a cognizable claim. <u>Fernandes</u>, 1997 U.S. Dist. LEXIS at *4. However "a defendant may supplement the complaint by adding exhibits such as public records and other indisputably authentic documents underlying the plaintiff's claims." <u>Sentinel Trust Co. v. Universal Bonding Ins. Co.</u>, 316 F.3d 213, 216 (3d Cir. 2003). For purposes of a Rule 12(b)(6) motion to dismiss, plaintiff's allegations are deemed true. <u>Hishon</u>, 467 U.S. at 73.

B. <u>Tort Claims</u>

The tort claim against the Postal Service is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). The Federal Tort Claims Act provides that the United States[2] may not be sued for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C.S. § 2680(b). The Postal Service is "an independent establishment of the executive branch of the Government of the United States." 39

---

[2] While Plaintiff failed to name the United States as a Defendant – as required by the Federal Tort Claims Act, 28 U.S.C.S. § 2679(a) and (b) – the Court will consider the United States a Defendant in order to resolve the motion to dismiss for lack of subject matter jurisdiction.

5

U.S.C.S. § 201. As such, the Postal Service is exempt from lawsuits for claims arising from the miscarriage or negligent transmission of postal matter. In this case, Plaintiff's claim arising from delayed delivery of his medicine to the Sofia post office amounts to the miscarriage or negligent transmission of a postal matter. Consequently, Plaintiff cannot sue the Postal Service, and the Court lacks jurisdiction over this claim. The claim is dismissed.

Because the claim for delayed delivery to the Sofia post office is dismissed, the claim for punitive damages is moot and dismissed.

The claim against Demianczyk is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff named Demianczyk as a Defendant, but he did not allege that Demianczyk committed wrongful action. In fact, Plaintiff did not mention Demianczyk in the body of the Amended Complaint. Perhaps Plaintiff failed to allege wrongful action by Demianczyk because he had no involvement in the mailing of Plaintiff's package and, during the relevant period, he did not work at the Irvington Post Office. Nonetheless, the fact remains that Plaintiff has failed to state a claim against Demianczyk upon which relief may be granted. Thus, pursuant to Rule 12(b)(6), the claim against Demianczyk is dismissed.

C. <u>Contract Claims</u>

The contract claims, if any, against the Postal Service and Demianczyk are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not mail or insure the package; Ms. Pirinski did. Thus, Plaintiff could not have entered into a contract with the Postal Service and, consequently, he does not have standing to bring a contract claim against the Postal Service. Further, Plaintiff cannot assert that he was an intended beneficiary of the contract between Ms. Pirinski and the Postal Service because the mail insurance protects the interests of the sender, Ms. Pirinski. Thus, the claim is dismissed.

Even if Plaintiff had a contractual interest in the insurance contract between Ms. Pirinski and Defendants, the claim would be dismissed under Federal Rule of Civil Procedure 12(b)(6). The Irvington Post Office offers two types of international express mail, namely "Global Express Guaranteed" and "Global Express Mail."[3] If the package was mailed "Global Express Guaranteed," the claim is dismissed because the deadline by which a claim must have been filed with the Postal Service was on or about October 2, 2003,

---

[3] Plaintiff has submitted no documentation that demonstrates which type of mail service Ms. Pirinski used to mail the package. Defendants attached relevant portions of the International Mail Manual to the Motion.

thirty days from the date of shipment.[4] International Mail Manual, Issue 25, July 2001, § 215.2. Although Ms. Pirinski inquired about the status of the package in September 2003, Plaintiff did not file a claim with the Postal Service, and the time to do so has expired.

If Plaintiff used "Global Express Mail," the contract claim is dismissed pursuant to Rule 12(b)(6) because "Global Express Mail items are *not* insured against delay in delivery." (emphasis in original) Section 221.3 of IMM Issue 25, July 2001. It follows then that losses that arise from a delay in delivery are not insured. Plaintiff has alleged that the package was delayed and he suffered losses due to the delay, the very thing not covered by Global Express Mail. Thus, Plaintiff failed to state a claim for which relief may be granted, and the claim is dismissed.

---

[4] Plaintiff would have received the amount paid for postage if the package was mailed "Global Express Guaranteed" and he did not receive it. See International Mail Manual, Issue 25, July 2001, § 215.2.

8

III. <u>Conclusion</u>

     For the reasons set forth above, the Motion is granted and the Amended Complaint is dismissed.

                              **S/SUSAN D. WIGENTON**
                              **UNITED STATES MAGISTRATE JUDGE**

Orig.:    Clerk's Office
cc:      District Judge
          Parties
          File